Whaley, Chief Justice,
delivered the opinion of the court:
By Senate Resolution No. 136, of May 24, 1937, there was referred to this court for action in accordance with the Tucker Act of March 3, 1887, 24 Stat. 505, the claim of the Trent Trust Company, Ltd., Senate Bill S. 2155, 75th Congress, 1st Session.
Senate Bill S. 2155 proposed relief for the Trent Trust Company from the United States in reimbursement of losses sustained while acting in the dual capacity of depositary and agent of the Alien Property Custodian and trustee of an estate. No claim, legal or equitable, against the United States is involved.
The situation which gave rise to the losses for which plaintiff seeks reimbursement may be briefly stated as follows :
After plaintiff had been appointed depositary and agent of the Alien Property Custodian, it assumed the duties of the trustee of the Isenberg estate and while serving in that dual capacity, it, as trustee, gave its consent to the sale of certain assets (shares of stock) of the trust estate which assets were sold by itself as representative of the custodian. In October 1921, some three years after the sale had been made, beneficiaries of the estate of which plaintiff was the trustee filed objections to the approval of plaintiff’s accounts, as trustee, on the ground that it was guilty of a breach of trust in permitting the sale of the shares of stock and that plaintiff should have had that stock on hand at the time its accounts were submitted.
In 1923, the Circuit Court of Hawaii rendered its decision on plaintiff’s petition and the objections thereto in which the court held that upon its appointment as trustee of the estate the first duty which devolved upon the plaintiff was to resign as depositary and agent of the Alien Property Custodian because of conflicting interests, and further that plaintiff, as trustee of the estate, committed a breach of trust in failing to recover possession of the corpus of the *544 trust upon its appointment as trustee, in occupying inconsistent positions with that of trustee, and in consenting to the sale of the property to which the beneficiaries objected. After receipt of a report from a master as to the amount of damages sustained by the estate through the plaintiff’s breach of trust, the court entered its decree ordering the removal of plaintiff as trustee and requiring plaintiff either to restore in kind the property sold or, if that could not be done, to pay damages to the estate based on the value of the property at the termination of the trust.
An appeal was taken by plaintiff to the Supreme Court of Hawaii. Prior to that time no suggestion had been made by plaintiff of an interest by the United States in the proceeding and the United States was not a party to such action. However, while the case was pending on appeal in the Supreme Court of Hawaii, plaintiff urged on the Attorney General of the United States that the United States should intervene, or at least should file suggestions as amicus curiae, because of the contention by plaintiff that rights and interests of the United States were being adjudicated in a proceeding in which the United States was not a party. The Attorney General, however, declined to take any action in the litigation but sought to protect the rights of the United States by entering into an agreement between the custodian and the beneficiaries ■ of the trust estate in which the beneficiaries bound themselves not to accept any distribution of the estate until the rights of the custodian had been agreed upon, or had been adjudicated by a court of competent jurisdiction. December 18, 1925', the Supreme Court of Hawaii entered a decree upholding the decree of the lower court in removing the plaintiff as trustee of the estate but modified the decree with respect to the amount of damages suffered by the trust estate. The beneficiaries of the trust estate appealed from that decision to the United States Circuit Court of Appeals for the Ninth Circuit and on May 21, 1928, the court reversed the decision of the Supreme Court of Hawaii and affirmed the decision of the trial court. (Isenberg, et al. v. Trent Trust Co., Limited, 26 Fed. (2) 609.) On application of the plaintiff a rehearing was granted by the Circuit Court of Appeals, as a result of *545 which it promulgated a second opinion affirming its first decision. In rendering the second opinion, the court said (31 Fed. (2d) 553, 555) :
The controlling facts were that the trustee had willfully and negligently failed to reduce the trust property to possession, and had suffered it to be sold by another, to the detriment of the beneficiaries. Under these facts the trial court held that the beneficiaries were entitled to a restoration of the trust property in kind at the termination of the trust, or to its value as of that date, in case restoration could not be had, together with all accrued dividends and interest.
This rule is, we think, abundantly supported by authority * * *.
May 20, 1929, the Supreme Court of the United States denied plaintiff’s petition for a writ of certiorari (219 U. S. 862) and June 3,1929, denied a motion for rehearing thereon. The United States was not a party to any of the proceedings in the foregoing litigation.
As a result of the litigation referred to above, plaintiff was required to respond in damages, plus certain costs in connection with the litigation, in the total amount of $349,937.65. Plaintiff admits it is not entitled to recover reimbursement of this expenditure either legally or equitably. The plaintiff also admits that it is seeking a pure gratuity. Whether a gratuity should be granted rests solely in the discretion of the Congress. As to the propriety of such action the court expresses no opinion. Nor have we reviewed the final decision of the Circuit Court of Appeals, certiorari having been denied by the Supreme Court.
It is ordered that the Special Findings of Fact and Conclusion of Law and the accompanying opinion of the court be transmitted to the Senate in accordance with the Act of March 3, 1911, 36 Stat. 1087, 1138 (Sec. 151 Judicial Code; Sec. 257 Title 28 U. S. Code), amending the Act of March 3, 1887, 24 Stat. 505, 507.
Littleton, Judge; and Green, Judge, concur.
Jones, Judge; and Whitaker, Judge, took no part in the decision of this case.